IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYSHARNE KENDEL BURKE, | : | 4:CV-10-0057 |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| KEVIN BITTENBENDER, | : | |
| Defendant | : | |

**MEMORANDUM**
November 10, 2010

**BACKGROUND:**

On January 11, 2010, plaintiff Tysharne Kendel Burke, formerly an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed, *pro se*, this *Bivens*[1] civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1).[2] Plaintiff named only FCI-Allenwood Disciplinary Hearing Officer ("DHO") Kevin Bittenbender as a defendant. Plaintiff alleged that on March 26, 2009, after he had a disciplinary hearing with defendant DHO

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

[2] Plaintiff is currently confined at USP-Atwater, CA.

1

Bittenbender presiding, Bittenbender assaulted him and called him racist names "when he used excessive force by swinging me by the handcuffs from one area [of the DHO hearing office] to another." (Doc. 1, p. 2). Specifically, plaintiff averred that defendant Bittenbender pushed him to the corner of the DHO hearing office, and that Bittenbender then twisted his handcuffs and stated, in part, "Nigger this is for disrepecting (sic) my wife and me, I'm gone (sic) break your black ass arms . . . ." (*Id.*, p. 4). Plaintiff alleged that the assault by defendant Bittenbender caused his "right hand above my wrist to have nerve damage which is still messed up today." (*Id.*).

The case was initially referred to United States Magistrate Judge Thomas M. Blewitt, who construed the complaint as raising an Eighth Amendment excessive force claim against defendant Bittenbender.

On October 6, 2010, Magistrate Judge Blewitt filed his 20-page report and recommendation, which he concluded by recommending that (1) plaintiff's claim for monetary damages against defendant in his official capacity be dismissed and (2) defendant's motion for summary judgment be granted with respect to plaintiff's sole Eighth Amendment excessive force claim.

On October 26, 2010, plaintiff filed several objections to the report and recommendation.

Initially, plaintiff objects to the magistrate judge's stating that plaintiff was ambiguous in filing his complaint as to whether or not he was suing defendant in both his individual and official capacities. Plaintiff stated in his objections that he clearly lodged his complaint as to conduct by defendant in his individual capacity. Although the magistrate judge recommended that the complaint be dismissed with respect to any actions by defendant taken in his official capacity, the bulk of the report and recommendation dealt with plaintiff's complaint lodged against the defendant for actions taken in his individual capacity.

Plaintiff further contends that contrary to the magistrate judge's statement that plaintiff has "not even submitted his medical records to support his allegation that his wrist was 'messed up for the rest of [his] life' and that he suffered nerve damage to his wrist due to Defendant's conduct" R & R, p. 19), plaintiff had attached medical records to his complaint. The court views this discrepancy as immaterial in view of its determination that the case is controlled by *Heck v. Humphrey*, 512 U.S. 447 (1994).

Plaintiff also states that he met the requirement for exhausting his administrative remedies. There appears to be no dispute about this and the magistrate judge indicated that was not an issue. R & R, pp. 3-4).

Plaintiff also objected to the refusal of the magistrate judge to seek the

3

assistance of pro bono counsel for the plaintiff. However, the court agrees with the magistrate judge and finds no error in the magistrate judge's refusal to undertake the effort to find counsel for plaintiff.

Plaintiff contends that defendant Bittenbender used excessive force upon him during an incident immediately following a March 26, 2009 disciplinary hearing held by defendant Bittenbender as the disciplinary hearing officer. However, that incident was the subject of a misconduct charge placed by defendant Bittenbender against plaintiff, which resulted in a conviction before another Disciplinary Hearing Officer.

The court agrees with the magistrate judge's application of *Heck v. Humphrey* to this case R & R, pp. 17-18) and will not repeat his reasoning here. Accordingly, the court will not evaluate the evidence in the manner done by the magistrate judge R & R, p. 19).

In view of the application of *Heck v. Humphrey* to the disciplinary conviction, which plaintiff received on April 24, 2009 for the March 26, 2009 incident, the court will dismiss the complaint, without prejudice, for failure of plaintiff to state a claim for which relief can be granted. Plaintiff cannot state a cause of action with respect to this incident unless and until the disciplinary conviction of April 24, 2009 has been reversed, expunged, declared invalid by a

4

tribunal authorized to make such determination or called into question by a federal court by the issuance of a writ of habeas corpus. *See* Razzoli v. Dir. Bureau of Prisons, 293 Fed. Appx. 852, 856-857 (3d Cir. 2008)(not precedential); Hart v. Whalen, 2009 U.S. Dist. LEXIS 119215, *, 2009 WL 5173487 (M.D. PA Dec. 22, 2009) (Kosik, J.).

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYSHARNE KENDEL BURKE, : 4:CV-10-0057

    Plaintiff : (Judge McClure)

    v. : (Magistrate Judge Blewitt)

KEVIN BITTENBENDER, :

    Defendant :

O R D E R
November 10, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

1.    Plaintiff's objections to the report and recommendation of the magistrate judge are overruled.

2.    The report and recommendation of United States Magistrate Judge Thomas M. Blewitt, filed October 6, 2010 (Rec. Doc. No. 35) is approved in part and rejected in part.

3.    The complaint is dismissed, with prejudice, as against defendant Bittenbender in his official capacity, on the basis of sovereign immunity.

4. Counsel need not be sought for plaintiff.

5. The complaint as against defendant Bittenbender in his individual capacity is dismissed, without prejudice, under *Heck v. Humphrey*, for failure to state a claim upon which relief can be granted.

6. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge